Previous proceedings between the parties to this suit are fully detailed in opinions of this court in Pfender v. Pfender,104 N.J. Eq. 107; affirmed, 103 N.J. Eq. 367, and 105 N.J. Eq. 247.
In the final decree entered January 30th, 1929, setting aside the decree nisi in the divorce action of Carl D.Pfender v. Lillian E. Pfender, it was provided that the bill for maintenance be retained for such further order or decree as this court might thereafter make and that the application of the complainant for an order directing the payment to her of support and maintenance from the date of the decree nisi, and for costs, counsel fees and expense money, be reserved for the further order of the court, and that the reserved matters might be brought on by either party upon five days' notice to the other. The present proceedings are in pursuance of that reservation.
The final decree setting aside the decree nisi was advised because of conscious deception of the court by the petitioner in the divorce action and because of marital misconduct subsequent to the entry of the decree nisi and before the expiration of the statutory period required to elapse before the entry of a final decree. In the opinion last above referred to, page 147, I said:
"In Clickner v. Clickner, 95 N.J. Eq. 479, this court held that where a suitor in equity has been guilty of false or misleading *Page 375 
testimony and conduct in the presentation and hearing of his cause, his suit will be dismissed irrespective of whether or not he might otherwise be entitled to relief. The rule of that case is plainly applicable here. This does not mean that the defendant's threat against the petitioner's life, and because of which the decree nisi was advised, was justified or in any sense excusable; it means only that the unconscionable conduct of a suitor in a matter in which he seeks relief will prompt a court of equity to remain passive."
Counsel for the defendant now refers to this statement and argues that because of the complainant's cruelty there referred to she is now barred from relief on this application. He argues that the original finding of extreme cruelty on the part of the complainant was not set aside by that opinion and decree, and that the court is therefore concluded on that point and thus barred from granting relief now. * * * It is true that in the proceeding to set aside the decree nisi in the divorce action that finding was not set aside. It was not then necessary to go that far, but the question was not disposed of in the sense that the finding was reasserted or reaffirmed and the final decree setting aside the decree nisi expressly reserved this question by retaining the bill for maintenance for further proceedings and subject to the further order of the court. The present application is the proceeding contemplated by that reservation. The language above quoted was perhaps not sufficiently explicit. What the court intended to say was that the setting aside of the decree nisi was not to be taken as an approval or justification of the acts complained of if the evidence concerning them wastrue; but subsequent evidence in the cause recited in the court's last opinion suggests that little reliance should be placed upon the testimony of the main witnesses supporting the charges of cruelty. In the first proceeding it was held that Mr. Pfender's separation from his wife was due to his fear for his personal safety and that this fear was justified by Mrs. Pfender's conduct; but in the second proceeding it appeared conclusively that the court was deceived as to the real reason for Mr. Pfender's separation from his wife. The separation *Page 376 
was due, it now appears, not to his fears for his personal safety, but to his infatuation for Miss Hass. The latter is the reason; the former the excuse. Extreme cruelty which will justify the separation of one spouse from the other is that degree of cruelty, either actually inflicted or reasonably feared, which endangers the life or health of the aggrieved party, or renders his or her life one of such extreme discomfort and wretchedness as to incapacitate him or her, physically or mentally, to discharge the marital duties. Smith v. Smith, 40 N.J. Eq. 566,594; Taylor v. Taylor, 73 N.J. Eq. 745. Where the separation is due to the infatuation of the offending party for a paramour, rather than the acts of cruelty charged in justification thereof, it is actual desertion.
In the divorce action, there was evidence of condonation of the cruelty charged. That evidence was denied by Mr. Pfender. I believed him then. I do not now. It is quite clear that if the court had been then fully informed as to the conduct of the parties the decree nisi would not have been advised. Up to this time I have not been called upon to reverse my finding of extreme cruelty in the first proceeding, but I have no hesitancy in now saying that I would not feel justified upon the evidence now before me in finding that the complainant is precluded from the relief which she now seeks. On this application the record in the original proceedings, and in the proceedings to set aside the decree nisi, has been submitted as the record for consideration here. It would be futile to review the facts disclosed by that record. Suffice it to say that the marital status of the parties still exists, and I now find that Mr. Pfender's separation from his wife was unjustified. It follows that Mrs. Pfender is entitled to support. I will refer this matter to a master for the purpose of taking testimony respecting Mr. Pfender's financial resources and his ability to respond to an order for support and maintenance. *Page 377